UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANDRA RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-443 |
| | § | |
| EDCOUCH-ELSA INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

## **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

### I. Introduction

Now before the Court is Defendant Edcouch-Elsa Independent School District's Motion to Dismiss, Plaintiff Sandra Ruiz's Response, and Defendant's Reply. (Docs. 10, 11, 12). Plaintiff sued the school district after her termination, claiming that she was terminated because of her role as caregiver to her disabled son, in violation of the Texas Commission on Human Rights Act (TCHRA), the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII), and the Family Medical Leave Act (FMLA). (Doc. 1, Ex. 44). Defendant now seeks to dismiss Plaintiff's claims for failure to state a claim. (Doc. 10). For the reasons explained below, Defendant's Motion is granted in part and denied in part.

### II. Authority

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-68 (2009). This standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered[1] must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense," to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556), 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### III. Analysis

### A. Disability Discrimination Claims

### 1. ADA Disability Claim

Plaintiff alleges that she is the mother of a special needs child whose medical condition was widely known by the Defendant. (Doc. 1, Ex. 44 at 3). She claims that she was terminated because of her association with a person with a disability, her son. *Id.* at 4.

---

[1] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir.2008)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (court's review on 12(b)(6) motion "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

In addition to prohibiting discrimination against a disabled individual, the ADA also prohibits discrimination against an individual who is known to associate with a disabled individual. *Haire v. BIOS Corp.*, No. 08-CV-336-TCK-FHM, 2009 WL 484207, at *2 (N.D. Okla. Feb. 26, 2009) (citing 42 U.S.C. § 12112(b)(4)). This provision protects employees "from adverse job actions based on unfounded stereotypes and assumptions arising from the employees' relationship with particular disabled persons." *Id.* (quoting *Oliveras–Sifre v. P.R. Dep't of Health*, 214 F.3d 23, 26 (1st Cir. 2000)). "For instance, an employer cannot make an adverse employment decision based on the 'belief that [an employee] would have to miss work' in order to care for a disabled person." *Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp.2d 784, 795 (S.D. Tex. 2004) (quoting *Rogers v. Int'l Marine Terminals*, 87 F.3d 755, 760 (5th Cir. 1996)). The Fifth Circuit has not adopted a specific test for evaluating such claims,[2] but other circuits, and district courts within this circuit, have applied the four-part test created in *Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1085 (10th Cir. 1997). Under this test, to establish a prima facie case of disability by association, a plaintiff must demonstrate:

> (1) the plaintiff was 'qualified' for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's

---

[2] The Fifth Circuit has explained:
> [This] Circuit has not explicitly recognized a cause of action for discrimination based on association with a handicapped individual, nor have we described what such a claim requires. . . . District courts within this Circuit have, however, recognized a cause of action for associational discrimination. *See, e.g.*, *Spinks v. Trugreen Landcare, LLC*, 322 F.Supp.2d 784, 796 (S.D.Tex.2004); *Moresi v. AMR Corp.*, No. CA 3:98–CV–1518–R, 1999 WL 680210, at *2–*3 (N.D.Tex. Aug. 31, 1999). . . . [T]his opinion should not be construed as recognizing a cause of action for associational discrimination based on disability . . . .

*Grimes v. Wal-Mart Stores Texas, LLC*, 505 F.App'x 376, 380 n.1 (5th Cir. 2013).

decision.

*Spinks*, 322 F. Supp. 2d at 795 (citing *Den Hartog*, 129 F.3d at 1085). "A family relationship is the paradigmatic example of a 'relationship' under the association provision of the ADA." *Den Hartog*, 129 F.3d at 1082 (citation omitted).

Plaintiff has alleged that she was qualified for her job, that she was subjected to an adverse employment action when she was terminated, and that she was known by her employer to have a relative with a disability. (Doc. 1, Ex. 44 at 7, 5, 3). Her termination occurred under circumstances raising a reasonable inference that her son's disability was a determining factor in her employer's decision because she claims she was "handed a memorandum notifying her that she was being recommended for termination because of absences due to her minor son's medical condition." *Id.* at 5. Because Plaintiff has satisfied her prima facie case, this claim is not dismissed.

**2. TCHRA Disability Claim**

Plaintiff also claims that her termination on account of her son's disability violates the TCHRA. (Doc. 1, Ex. 44 at 7). Like the ADA, the TCHRA prohibits discrimination against an individual on the basis of disability.[3] TEX. LAB. CODE § 21.051. However, unlike the ADA, the TCHRA does not address discrimination on the basis of disability by association. *Spinks*, 322 F.Supp.2d at 795 ("The plain language of the TCHRA, as opposed to the plain language of the ADA, indicates that the Texas legislators did not intend to include the provision for association with an[ ] individual with a disability, since the drafters could have included such language if they had wanted." (citation omitted)). As such, Plaintiff has not pled a cognizable cause of action based upon her association with her son under the TCHRA. Therefore, this claim is dismissed.

---

[3] Disability means, "with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity *of that individual*." TEX. LAB. CODE § 21.002(6) (emphasis added).

**B. Retaliation Claims**

**1. TCHRA, Title VII, and ADA Retaliation Claims**

Plaintiff also alleges retaliation in violation of the TCHRA, Title VII, and the ADA. (Doc. 1, Ex. 44 at 7–8). To make a prima facie case of retaliation under these statutes, a plaintiff must show that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *E.g.*, *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004) (TCHRA retaliation); *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (Title VII retaliation); *Bennett v. Calabrian Chems. Corp.*, 324 F. Supp. 2d 815, 838–39 (E.D. Tex. 2004) (ADA retaliation). Protected activity under these statutes includes opposing a discriminatory practice, and making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under the statutes. TEX. LAB. CODE § 21.055; 42 U.S.C. § 2000e-3; 42 U.S.C. § 12203.

Defendant argues that Plaintiff has failed to indicate that she engaged in any protected activity under any of these statutes. (Doc. 10 at 7). Plaintiff does not describe any protected activity prior to her termination. *See* (Doc. 1, Ex. 44). In her response to Defendant's Motion to Dismiss, Plaintiff explains that "the district failed to follow its own leave policies as applied to her and her situation," and that "she was recommended for termination because of her son's medical condition." (Doc. 11 at 7). These allegations do not demonstrate that Plaintiff engaged in any protected activity by opposing an unlawful practice within the meaning of the TCHRA, Title VII, or the ADA. Therefore, these claims are dismissed.

**2. FMLA Retaliation Claim**

Plaintiff alleges that she regularly took leave under the FMLA to tend to her son's medical treatment, but Defendant retaliated against her for exercising this right. (Doc. 1, Ex. 44

at 8–9). The FMLA provides eligible employees the right to take unpaid leave to care for a close family member with a serious health condition and prohibits employers from retaliating against employees who exercise that right. 29 U.S.C. § 2612; *see also, e.g.*, *Bell v. Dall. Cnty.*, 432 F.App'x 330, 333 (5th Cir. 2011) (discussing FMLA rights). To establish a prima facie case for discrimination or retaliation under the FMLA, the plaintiff must demonstrate that "(1) [s]he is protected under the FMLA; (2) [s]he suffered an adverse employment decision; and either (3a) that the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave." *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) (citations omitted).

Plaintiff has alleged that she is protected under the FMLA because she took time off to care for her son who has a serious health condition. (Doc. 1, Ex. 44 at 8). She suffered an adverse employment decision when she was terminated. *Id.* at 5. She has also alleged that the decision to terminate her was based on her taking leave protected by the FMLA. *Id.* at 5, 9. Therefore, Plaintiff has established a prima facie case for retaliation under the FMLA.

Defendant argues that Plaintiff's claim is barred by the statute of limitations, which is generally two years under the Act, and three years for a "willful violation." (Doc. 10 at 8) (citing 29 U.S.C. § 2617(c)). Plaintiff claims that she was terminated on August 27, 2010, (Doc. 1, Ex. 44 at 7), and she filed suit on November 17, 2011, (Doc. 1, Ex. 4 at 1). Her original petition, however, did not include any claims under the FMLA, (Doc. 1, Ex. 4), and her first mention of the FMLA was in her July 30, 2013 petition which was removed to this Court, (Doc. 1, Ex. 44). Defendant therefore argues that because Plaintiff did not assert her claim under the FMLA until more than two years after she was terminated and has not alleged a willful violation of the statute, her claim is time-barred. (Doc. 10 at 7). Plaintiff, on the other hand, asserts that her

amended FMLA claim "relates back" to her original pleading because it is based on the same occurrence that was the basis of her original pleading. (Doc. 11 at 7); *see* FED. R. CIV. P. 15(c) (amended claims relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). The Court agrees, as her FMLA claim is based on, according to Plaintiff's allegations, the Defendant's decision to terminate her because of her taking leave to care for her son. Therefore, her FMLA claim relates back to her original petition and is not time-barred.

Defendant next argues that Plaintiff cannot show that Defendant interfered with her rights under the FMLA because "she cannot show that her leave was ever requested to be taken under Family Medical Leave or that she ever apprised the District that her son suffered from a serious medical condition," and in fact, "the leave taken by plaintiff did not correspond to any medical treatment by her son." (Doc. 10 at 8). In response, Plaintiff cites the broad notice requirements under the FMLA. (Doc. 11 at 8); *see also Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 842 (5th Cir. 2007) ("The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." (citations omitted)). The question of whether Plaintiff provided her employer with sufficient notice under the FMLA is more appropriately determined by summary judgment evidence. *See Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 873–74 (S.D. Tex. 2008) ("Determining whether an employee properly notified an employer of her desire to take FMLA leave necessarily involves a factual inquiry."). Therefore, Plaintiff has sufficiently stated a claim under the FMLA, and this claim is not dismissed.

**C. Gender Discrimination Claims**

Finally, Plaintiff claims that Defendant "unlawfully stereotyped Plaintiff based on her sex," subjecting her to "unlawful stereotyping related to her caregiving responsibilities" such as "stereotypes that female caregivers should not, will not, or cannot be committed to their jobs." (Doc. 1, Ex. 44 at 4, 7, 5).

Title VII and the TCHRA prohibit employers from discriminating against employees on the basis of gender. 42 U.S.C. § 2000e-2(a)(1); TEX. LAB. CODE § 21.051. To establish a prima facie case of gender discrimination,[4] a plaintiff must show that: "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) that the position was filled by someone outside of the protected class or that others outside the protected class who were similarly situated were more favorably treated." *E.g.*, *Admire v. Strain*, 566 F. Supp. 2d 492, 498 (E.D. La. 2008) (citing *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 526 (5th Cir. 1998)).

Both Title VII and the TCHRA require plaintiffs to exhaust their administrative remedies by filing a charge of discrimination with the EEOC or equivalent state agency before filing suit. *E.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citation omitted) (discussing Title VII exhaustion of remedies); *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004) (discussing TCHRA exhaustion of remedies). Because a charge of discrimination may be filed by a person unfamiliar with the law, and because the "purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC," the claims included in the charge are to be interpreted broadly. *Sanchez v. Standard*

---

[4] As the TCHRA carries out the policies embodied in Title VII of the Civil Rights Act of 1964 as well as the Americans with Disabilities Act ("ADA"), Title VII and ADA cases are instructive in interpreting discrimination claims under the TCHRA. *See Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 475–76 (Tex. 2001).

*Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). "[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* Even so, "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Id.* at 467.

Here, Defendant argues that Plaintiff has not exhausted her administrative remedies with respect to this claim under either the TCHRA or Title VII, because she did not allege gender discrimination in her Charge of Discrimination filed with the Texas Workforce Commission. (Doc. 10 at 4–6); (Doc. 10, Ex. A).[5] Plaintiff responds that "[i]n her charge of discrimination, [she] identified herself as Mrs. Sandra Ruiz which indicates that she is a female." (Doc. 11 at 4). She argues that the body of the charge "expressly included claims under the TCHRA and Title VII of the Civil Rights Act of 1964."[6] *Id.* at 5.

The Court finds Plaintiff's charge does not state a claim for gender discrimination. First, in the "Cause of Discrimination" section, Plaintiff checked the boxes for "Retaliation," "Disability," and "Other," but not the box for "Sex." (Doc. 10, Ex. A). Next, in the "Particulars" section, Plaintiff explains that she was "subjected to a hostile work environment, denied reasonable accommodations . . . , and subjected to disparate treatment by the district on account of [her] son's disability," what she terms "disability by association." *Id.* She explains that she is a "qualified individual who has a child with a disability." *Id.* She goes on to explain that on August 25, 2010, she was "handed a memo notifying [her] that [she] was being recommended for

---

[5] A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). However, documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (citation omitted).

[6] She also points to an exception to the exhaustion of remedies requirement, but that exception is inapplicable here. (Doc. 11 at 5–6) (citing *Gupta v. E. Tex. State Univ.*, 651 F. 2d 411 (5th Cir. 1981) (holding that a plaintiff was not required to file a new EEOC charge after employer retaliated against plaintiff for filing first EEOC charge).

termination because of [her] son's medical condition." *Id.* Finally, she states that she "believe[s] that [she has] been discriminated against and retaliated against on account of [her] son's disabilities." *Id.* Other than identifying herself as "Mrs. Sandra Ruiz" at the top of the charge, Plaintiff makes no reference to her gender in the charge, and, more importantly, makes no allegations of gender discrimination. She referenced Title VII in the final sentence of the "Particulars" section, but does not explain how she believes Title VII was violated or allege any facts in support of that claim. Her explanation makes clear that she believes she was terminated because of her son's disability, and she mentions no other reason. Therefore, her gender discrimination claim could not reasonably be expected to grow out of her charge of discrimination, and she did not exhaust her administrative remedies with respect to her gender discrimination claims under the ADA and the TCHRA. Therefore, these claims are dismissed.

## IV. Conclusion

For the reasons explained above, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The following claims are dismissed: (1) Plaintiff's disability discrimination claim under the TCHRA; (2) Plaintiff's retaliation claims under the TCHRA, Title VII, and the ADA; and (3) Plaintiff's gender discrimination claims under Title VII and the TCHRA. Plaintiff's disability by association discrimination claim under the ADA and her FMLA retaliation claim are not dismissed.

SO ORDERED this 9th day of April, 2014, at McAllen, Texas.

_____
Randy Crane
United States District Judge